IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM MILLER,

    Petitioner,

v.           CIVIL ACTION NO.  2:16-cv-05485
             (Criminal No. 2:07-cr-00053)

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM OPINION AND ORDER

  On June 16, 2016, Movant, William Miller, by court-appointed counsel, filed an Emergency Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 [ECF No. 90] ("Emergency Motion"), asserting that he is entitled to resentencing based upon the United States Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed.2d 569 (2015) and *Welch v. United States*, 136 S. Ct. 1257, 194 L. Ed.2d 387 (2016).  This matter was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  For reasons appearing to the court, the reference of this matter to the Magistrate Judge is **WITHDRAWN**.

I. **Procedural History**

  On August 2, 2007, Movant pled guilty, pursuant to a written plea agreement,

to Count One of a three-count indictment, which charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). [ECF Nos. 66 and 67].[1] The indictment further alleged that Movant had the following prior felony convictions:

1. Burglary, in violation of W. Va. Code § 61-3-11(a);

2. Grand larceny, in violation of W. Va. Code § 61-3-13; and

3. Daytime burglary, in violation of W. Va. Code § 61-3-11(a).

[ECF No. 1].[2]

On September 19, 2007, Movant was sentenced to a total of 210 months in prison, followed by a five-year term of supervised release, under the provisions of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), because he had at least three prior felony convictions which, at sentencing, were found to be "violent felonies" as defined in 18 U.S.C. § 924(e)(2).[3] A Judgment to that effect was entered on September 19, 2007, and docketed on September 20, 2007. [ECF No. 77]. Movant did not appeal his Judgment to the United States Court of Appeals for the Fourth Circuit.

## II. Positions of the Parties

Movant's Emergency Motion asserts in pertinent part:

> Under ACCA, a prior offense qualifies as a "violent felony" if it is

---

[1] Pursuant to his plea agreement, Counts Two and Three of the indictment, which charged Movant with possession of or receiving stolen firearms, were subsequently dismissed at sentencing.

[2] Movant's Presentence Investigation Report ("PSR") lists other prior convictions for burglary and escape under Florida law, which, according to the Emergency Motion, could have potentially served as predicate offenses under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). As noted in Movant's Emergency Motion, the PSR did not identify the specific convictions that served as the predicate violent felonies; however, there does not appear to have been any dispute that, under the law at the time of sentencing, Movant qualified as an Armed Career Criminal. [ECF No. 90 at 2].

[3] Movant's status as an armed career criminal subjected him to a statutory mandatory minimum sentence of 180 months, and increased his Sentencing Guideline base offense level to a 33. His ultimate Sentencing Guideline range was determined to be 168-210 months.

> "punishable by imprisonment for a term exceeding one year" and it "has as an element the use, attempted use, or threatened use of physical force against the person of another," "is burglary, arson, or extortion, involves use of explosives," or if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The first is known as the "force" clause, the second as "the enumerated offenses" clause, and the third as the "residual" clause.
>
> In *Johnson v. United States*, 135 S. Ct. 2552 (2015), the Supreme Court held that the residual clause was unconstitutionally void for vagueness in all applications. [FN 2 – That decision was made retroactive in final cases, like Breeden's, in *Welch v. United States*, 136 S. Ct. 1257 (2016).] Therefore, a prior offense can now only qualify as a violent felony if it is either one of the enumerated offenses (burglary, arson, extortion, or use of explosives) or if it falls within the force clause. Reviewing Miller's prior convictions, he no longer has two[4] prior convictions that either fit within the force clause or are enumerated offenses that can be considered violent felonies. As a result, Miller is no longer eligible to be sentenced under ACCA.

[ECF No. 90 at 3]. The Emergency Motion further sets forth Movant's arguments that his West Virginia grand larceny conviction, his West Virginia and Florida burglary convictions and his Florida escape conviction do not meet either the force clause or the enumerated offense clause and, thus, can no longer be considered violent felonies under the ACCA. [*Id.* at 4-8].

The Emergency Motion further asserts that Movant is entitled to resentencing under 28 U.S.C. § 2255 because his original sentence "was in excess of the maximum authorized by law" or "was imposed in violation of the Constitution or laws of the United States." [*Id.* at 8]. Movant further asserts that his motion is timely filed under 28 U.S.C. § 2255(f)(3) because it was filed within one year of the *Johnson* decision, which recognized a new substantive right, which has been made

---

[4] The court believes this to be a typographical error, which should read "three prior convictions."

3

retroactively applicable on collateral review by the Supreme Court in *Welch*. *See* 28 U.S.C. §§ 2255(a) and (f)(3). [*Id.* at 9].

On October 14, 2016, the United States of America filed its Response to Movant's Emergency Motion [ECF No. 97], consenting to the relief sought therein. The Response recognizes that Movant's release date based upon his illegal sentence is June 27, 2023. [*Id.* at 2]. The Response further states that the parties agree that Movant should be resentenced to "time served" in custody, to be followed by a three-year term of supervised release (which is a reduction from his current five-year term of supervised release). On November 3, 2016, Movant filed a Reply [ECF No. 98], wherein he specifically agrees with the proposed resolution set forth in the Government's Response. The parties agree that there is no need to return Movant to the Southern District of West Virginia for resentencing. [Response 2-3; Reply 1].

### III. Ruling

For all of the foregoing reasons, the court **GRANTS** Movant's Emergency Motion [ECF No. 90] and **ORDERS** that Movant's sentence of 210 months of imprisonment imposed on September 19, 2007 be, and it hereby is, **reduced to a sentence of time served**. The court further **ORDERS** that Movant's term of supervised release imposed on that same date is **reduced from five years to three years**.

The court requests that the Bureau of Prisons expedite the processing of this Order so as to facilitate Movant's immediate release.

4

The court **DIRECTS** the Clerk to forward copies of this order to Movant, all counsel of record, the United States Probation Office, and the United States Marshals Service.

        ENTER:    November 4, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE